## UMPQUA TIMBER COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 38826.   Promulgated November 25, 1932.

*John M. Campbell, Esq.*, and *P. M. Beach, Esq.*, for the petitioner.
*B. M. Coon, Esq.*, for the respondent.

### OPINION.

LANSDON: The respondent has asserted deficiencies in income tax for 1923 and 1924 in the respective amounts of $1,050 and $437.51, which arise from his action in adding to income for each of the tax-

able years the amount of interest called for in certain demand promissory notes received by petitioner in partial payment for its capital stock.

The petitioner is an Oregon corporation, organized in January, 1920, with an authorized capital stock of 2,500 shares having a par value of $100 each. It was incorporated by a group of individuals, most of whom lived in the vicinity of Eau Claire, Wisconsin, to acquire a certain tract of timber land for $440,000, of which $110,000 was to be paid in cash. Its stock subscriptions were paid in cash to the extent of $44 per share, the balance of $56 per share being represented by demand promissory notes drawing 6 per cent interest. At the time the notes were given it was understood among the organizers that unless the money was required by petitioner in its business the stockholders would not be held for either principal or interest.

In each of the years 1922 and 1923 the petitioner paid cash dividends of 30 per cent and in the first part of 1924 it paid 9 per cent in cash. On June 2, 1924, the directors voted to pay a dividend as follows:

\* \* \* \* \* \* \*

Some discussion was had as to the disposition of the $140,000 of stockholder's notes and at the request of Mr. Moon and Mr. Bradford, attorney John D. Goss was called in and the matter thoroughly gone over with him. Whereupon Mr. A. E. Bradford offered the following resolution and moved its adoption:

\* \* \* \* \* \* \*

RESOLVED: That a dividend of $56.00 per share be declared on the outstanding stock of the Company, payable at once, and that the same be charged to the surplus account on the books of the Company.

\* \* \* \* \* \* \*

Upon motion duly made, seconded and carried, the interest on stockholder's notes held by the Treasurer was omitted and cancelled to date.

Shortly after June 2, 1924, the dividend declared as set out above was discharged by the cancellation of the notes in question and the return of the same to the makers thereof.

From the time the notes were given until they were canceled and returned to the makers, petitioner kept them in its possession and neither received nor demanded payments of principal or interest. On its books, which were kept on an accrual basis, it made no entries on account of the interest and no part thereof was accrued as income.

The only question in this proceeding is whether the petitioner, on an accrual basis of accounting, must accrue as income the amounts of interest provided for in the demand notes of its stockholders. The petitioner contends that it never contemplated collection of the interest and is not required to include the amount thereof in its taxable income.

The notes in question contained an unconditional promise to pay the face amount, with 6 per cent interest per annum. They were carried as assets by petitioner throughout the taxable years and, so far as the record shows, might have been collected at any time prior to June 2, 1924. In our opinion the petitioner was required to accrue interest on the notes until they were canceled and returned to the stockholders.

Reviewed by the Board.

*Decision will be entered for the respondent.*