*Decision will be entered under Rule 50.*

OREGON PULP AND PAPER COMPANY, A CORPORATION, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket No. 79826. Filed June 30, 1960.

*Alfred H. Stoloff, Esq.*, for the petitioner.
*John D. Picco, Esq.*, for the respondent.

#### OPINION.

BLACK, *Judge:* The Commissioner has determined deficiencies in petitioner's income tax for the years 1954 and 1955 in the respective amounts of $69,179.83 and $60,842.59. The deficiency in each of the taxable years is due to several adjustments made by the Commissioner to the net income as reported by petitioner on its return for that year. All of these adjustments have been settled by agreement in a stipulation which has been filed, except one. That adjustment is "(c) Accrued interest income $7,150.68" for 1954, and

---

[6] SEC. 294. ADDITIONS TO THE TAX IN CASE OF NONPAYMENT.

(d) ESTIMATED TAX.—

(1) FAILURE TO FILE DECLARATION OR PAY INSTALLMENT OF ESTIMATED TAX.—

"(c) Accrued interest income $7,294.52" for 1955. Adjustment (c) for 1954 is explained in the deficiency notice as follows:

(c) In the computation of net taxable income no amount was included therein with respect to the accruable interest income on the note received from the Chas. K. Spaulding Logging Company (now Leadbetter Logging & Lumber Company) and dated November 17, 1945. It has been determined that, as of December 14, 1954, interest of $7,150.68 had accrued on said note. Income is therefore increased in a like amount.

Adjustment (c) for 1955 is explained in the deficiency notice in the same manner as the similar adjustment for 1954 is explained.

By appropriate assignments of error petitioner contests the correctness of respondent's adjustments above described.

The facts have been stipulated and those pertaining to the issue here involved may be summarized as follows:

The petitioner is Oregon Pulp and Paper Company, an Oregon corporation, incorporated in 1919. Its returns for the taxable years were filed with the district director of internal revenue for the district of Oregon.

The Leadbetter Logging & Lumber Co., hereinafter referred to as Leadbetter, was incorporated under the laws of the State of Oregon as the Chas. K. Spaulding Logging Company. The Chas. K. Spaulding Logging Company, later Leadbetter, was and is a wholly owned subsidiary of petitioner. There was authorized, issued, and outstanding 22,500 shares of common, $100-par-value capital stock, the status of which has remained unchanged at all times pertinent to this proceeding.

Petitioner and Leadbetter are on an accrual basis of accounting. Their books and records were kept on an accrual basis and the returns for 1954 and 1955 reflect that method.

In 1945, Leadbetter, then styled the Chas. K. Spaulding Logging Company, borrowed $659,591.82 from its parent, the petitioner. Leadbetter executed two demand notes dated November 17, 1945, one in the face amount of $200,000, and the other in the amount of $459,591.82. The latter note was paid in 1952. The note for $200,000 reads as follows:

$200,000.00                    PORTLAND, OREGON, *November 17, 1945.*

On demand after date, for value received, CHAS. K. SPAULDING LOGGING COMPANY, a corporation, promises to pay to the order of OREGON PULP AND PAPER COMPANY, Two hundred thousand Dollars, with interest thereon at the rate of three and three-fourths percent (3¾%) per annum from date until paid; all in lawful money of the United States of America. In case suit or action is instituted to collect this note or any part thereof, said corporation promises and agrees to pay, in addition to the costs and disbursements provided by statute, such additional sum as the Court may adjudge reasonable as attorney's fees to be allowed in said suit or action.

The books and records of petitioner and Leadbetter disclose that interest was accrued monthly with respect to the notes for all years 1946 to 1955, except for 1948. Near the close of each of the years 1946, 1947, and 1953, and the taxable years 1954 and 1955, the minutes of meetings of petitioner's directors disclose that resolutions were adopted waiving interest and Leadbetter was notified of the action taken by petitioner. In 1952, petitioner and Leadbetter accrued interest in the amount of $14,872.60, of which $7,372.60 was paid in conjunction with the payment of the $459,591.82 note, and the remainder in the amount of $7,500 was waived. In the years 1949, 1950, and 1951, Leadbetter paid and petitioner received interest on the notes as accrued on their respective books. For 1948, neither interest income nor interest expense was accrued on the books of petitioner and Leadbetter, and interest was neither paid nor received by the parties.

The resolution waiving interest in the taxable year 1954 was passed at a directors meeting held December 14, 1954. The resolution waiving interest in the taxable year 1955 was passed at the meeting held on December 21, 1955. Resolutions acknowledging waiver of interest in 1954 and 1955 were passed at directors meetings of Leadbetter held after the close of the taxable years in question.

A summary from the books and records of Leadbetter with respect to the interest accrued and forgiven on notes payable to petitioner and the net income and tax reported by Leadbetter is as follows:

| Year | Interest accrued | Interest forgiven | Net income per return | | Income tax |
|------|------|------|------|------|------|
| | | | Ordinary | Capital gain | |
| 1946 | $24,734.69 | $24,734.69 | ($7,298.19) | $15,637.92 | |
| 1947 | 24,734.69 | 24,734.69 | 252,261.29 | 46,765.81 | $89,779.73 |
| 1948 | | | 214,462.38 | 37,681.98 | 76,597.05 |
| 1949 | 24,734.69 | | 21,432.59 | 1,094.02 | 4,858.15 |
| 1950 | 24,734.69 | | 5,793.10 | 56,300.74 | 1,332.10 |
| 1951 | 24,734.69 | | (4,351.90) | | |
| 1952 | 14,872.60 | 7,500.00 | 66,830.80 | 116,488.30 | 29,252.02 |
| 1953 | 7,500.00 | 7,500.00 | 59,921.12 | 63,383.46 | 16,479.70 |
| 1954 | 7,500.00 | 7,500.00 | | | |
| 1955 | 7,500.00 | 7,500.00 | | | |
| 1956 | 7,500.00 | 7,500.00 | | | |

Petitioner did not report interest income with respect to the note receivable from Leadbetter in its income tax returns for 1954 and 1955. In his deficiency notice the respondent increased petitioner's income for 1954 in the amount of $7,150.68 for interest income accrued from January 1, 1954, to December 14, 1954, the date of petitioner's resolution waiving interest for 1954. In his notice of deficiency respondent also increased petitioner's net income in the

amount of $7,294.52 for interest income accrued from January 1, 1955, to December 21, 1955, the date of petitioner's resolution waiving interest for 1955.

Respondent caused an audit to be made of each of petitioner's and Leadbetter's income tax returns for the years 1946 to 1953, inclusive, made certain adjustments therein, and assessed deficiencies in income taxes for certain of such years. In such audits respondent did not disturb the treatment of interest expense and income employed by petitioner and Leadbetter in such years. The unpaid interest was forgiven by the parties in substantially the same manner as employed in the years in issue and about the end of each of the years 1946, 1947, 1952, and 1953.

As of December 29, 1959, Leadbetter was liquidated under the provisions of section 332, I.R.C. 1954, and the note was canceled, with the result that Leadbetter did not pay to petitioner the principal amount thereof, nor was any interest paid or accrued by the parties in the years 1956 to 1959, inclusive.

We have but one issue in this proceeding to decide and that is whether respondent erred in adding to petitioner's income in each year certain interest which respondent determined in his deficiency notice had accrued on a $200,000 promissory note which petitioner held against its wholly owned subsidiary, Leadbetter. There is no dispute but that Leadbetter, in a prior year, had executed a promissory note to petitioner for $200,000. This note represented money which petitioner had advanced to Leadbetter and for which Leadbetter executed its note for $200,000 payable on demand, "with interest thereon at the rate of three and three-fourths percent (3¾%) per annum from date until paid." There is also no dispute but that petitioner in December of each of the taxable years, by corporate action duly taken, forgave the interest to Leadbetter for each of the taxable years. The question we have to decide is what was the legal effect taxwise on petitioner's tax liability for each of the years in question due to this forgiveness of interest.

It is respondent's contention and he has so determined in his deficiency notice that petitioner, an accrual basis taxpayer, must accrue in each of the taxable years the interest on the $200,000 note up to the date of the corporate action forgiving the interest. In 1954, this results in interest accrued of $7,150.68 and in 1955 of $7,294.52.

Petitioner concedes that it kept its books and records on an accrual basis but contends that under the facts and circumstances enumerated above, it is error for respondent to add to its income reported for 1954 and 1955 the interest accruals which he has determined. The substance of petitioner's contention is that respondent's

action is tantamount to taxing petitioner with income which did not exist.

We think that the weight of authority sustains respondent's determination. See *Umpqua Timber Co.*, 27 B.T.A. 135. It should be noted at the outset that this is not a case where an accrual basis taxpayer fails to accrue interest due the taxpayer because the debtor is insolvent and would be unable to pay interest even if it is accrued. There is no contention that Leadbetter was insolvent and would be unable to pay interest on the $200,000 note which it owed petitioner.

Petitioner, in its brief, states its contention as to the issue involved as follows:

The only question to be decided by the court is whether petitioner's taxable income for each of the years includes interest on a promissory note. *which interest by the terms of the note is payable on demand, where not only no demand had been made for such interest, but the right to demand such interest was irrevocably waived by the payee of the note* during each of the years in question. [Emphasis supplied.]

We cannot agree to the correctness of petitioner's statement contained in the foregoing, wherein it states: "which interest by the terms of the note is payable on demand."

The note in question was an ordinary demand note insofar as the payment of principal is concerned. That is to say, the principal was not payable at any certain time. Before the principal was to become due, there must be demand made by the payee of the note, which was petitioner. That is not so as to interest. The note provided for interest *per annum* from date until paid at the rate of 3¾ per cent. We do not think that demand would have to be made before interest on the note began to run, as petitioner argues. We think interest began to run automatically from the very date of the note. Evidently that is the construction which both petitioner and Leadbetter placed on the language of the note. It has been stipulated that "[t]he books and records of petitioner and Leadbetter disclose that interest was accrued monthly with respect to the notes." This being true, it is doubtless true that in the years in question neither corporation had accrued the interest for December when the resolutions waiving interest were adopted by petitioner. But it will be noted that the Commissioner in his determination of the deficiencies has not determined that interest accrued for the entire month of December. For the month of December 1954, the Commissioner has determined that interest had accrued up until December 14, 1954. This accrued interest for the year 1954 was $7,150.68, instead of $7,500 as it would have been if interest had been accrued for the entire month of December. A similar situation exists as to 1955. The Commissioner in his determination only treated interest to

have accrued up to December 21, the date the resolution waiving interest was adopted by petitioner's board of directors. This resulted in an accrual of interest in 1955 of $7,294.52, instead of $7,500 as would have been the case if no resolution waiving the interest had been adopted by petitioner. In other words, the effect of the Commissioner's determination is to hold that interest accrued in each of the taxable years up to the time of waiver and that for the remaining days in December, after the waiver, no interest accrued. We think respondent's determination is correct.

In *Umpqua Timber Co.*, *supra*, we held that where the taxpayer acquired 6 per cent demand promissory notes from its stockholders in partial payment of its stock and was on an accrual basis of accounting, it must include in its income interest which had accrued up to June 2, 1924, when the directors of Umpqua Timber Co. adopted a resolution omitting and canceling the interest on the notes to date.

Petitioner contends that the *Umpqua Timber Co.* case is distinguishable but we are unable to agree that it is. Petitioner relies heavily on *Combs Lumber Co.*, 41 B.T.A. 339, and *Society Brand Clothes, Inc.*, 18 T.C. 304, but we think both of those cases are distinguishable on their facts. In *Combs Lumber Co.*, the stockholders gave interest-bearing demand notes to taxpayer corporation to cover certain withdrawals of funds with the understanding that no interest was to be paid on the notes under any condition. On these facts, we held that no liability for interest was created and that taxpayer was therefore not required to accrue interest on the notes. In *Society Brand Clothes, Inc.*, the taxpayer corporation, on an accrual basis, held a 10-year promissory note of its wholly owned subsidiary. The note provided for 5 per cent interest but it was executed with the mutual understanding that no interest would be charged or paid until some future date to be determined by agreement of the parties to the note. Such an agreement was made subsequent to the year 1944, which we had before us, and was not retroactive to 1944. We held, therefore, there was no obligation on the part of the debtor corporation to pay interest in 1944 and none accrued in 1944.

In our opinion neither the *Combs Lumber Co.* case nor the *Society Brand Clothes, Inc.*, case helps petitioner. In the instant case the obligation to pay interest by Leadbetter to petitioner was unconditional up to the time the resolutions waiving interest were adopted.

Under authority of our decision in *Umpqua Timber Co.*, *supra*, we hold that petitioner must include in its taxable income for the years 1954 and 1955 interest which had accrued up to the date when the resolutions waiving interest were adopted.

*Decision will be entered under Rule 50.*